FITZPATRICK, J.[1]
¶1 Stacie Rios appeals an order of the Dodge County Circuit Court denying her motion requesting a finding of contempt against Joseph Gremminger.[2] I conclude that the circuit court properly exercised its discretion in denying Ms. Rios's motion. Accordingly, I affirm.
¶2 Ms. Rios's brief contains no identifiable legal argument and no citations to legal authority, a violation of our appellate rules. See WIS. STAT. RULE 809.19(1)(e). Rather, the brief consists of a lengthy, disconnected series of factual allegations. A number of these allegations include dates and appear to refer to items in Ms. Rios's appendix that also appear in the record. But, Ms. Rios provides no record citations, which also violates our appellate rules. See WIS. STAT. RULE 809.19(1)(d). These problems with the brief from Ms. Rios are not minor concerns because Ms. Rios does not make any valid, discernable arguments. Under Wisconsin law, I cannot act as both the judge and Ms. Rios's advocate. See State v. Pettit , 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals "cannot serve as both advocate and judge" and develop arguments that are inadequately briefed). Therefore, I cannot develop the factual underpinnings of an argument on Ms. Rios's behalf, nor can I develop an argument on the basis of those facts. To the extent that I do not directly address each and every factual allegation that Ms. Rios has presented in her brief, I reject any argument Ms. Rios intends to make on the basis of those allegations, on the grounds that they lack discernible merit.[3]
¶3 As mentioned, and as best I can determine, Ms. Rios argues that the circuit court abused its discretion by denying the motion requesting that Gremminger be found in contempt. This court reviews a circuit court's use of contempt power under the erroneous exercise of discretion standard. Monicken v. Monicken , 226 Wis. 2d 119, 124, 593 N.W.2d 509 (Ct. App. 1999). Underlying the circuit court's discretionary determinations, there may be findings of fact. Id. at 125. This court will uphold those findings of fact unless they are clearly erroneous. Id.
¶4 Ms. Rios does not appear to argue that Gremminger has violated an order of the circuit court. That, alone, would constitute grounds to affirm the circuit court, but I will mention other points to confirm that Ms. Rios's appeal fails.
¶5 From Ms. Rios's briefing, I glean three potential bases for her appeal: (1) Gremminger's allegedly abusive behavior toward Ms. Rios's two minor children; (2) Gremminger's alleged negligence with regard to the education of the two minor children; and (3) Gremminger's alleged negligence with regard to medications that one of the minor children requires. Ms. Rios's brief is difficult to follow, but it appears that she intends to challenge the circuit court's findings of fact as related to those three areas. However, Ms. Rios's briefing does not show that there are any clearly erroneous factual findings related to those issues and, under those circumstances, I uphold the circuit court's findings of fact. Id.
¶6 It is also possible that Ms. Rios intends to argue that the circuit court's credibility determinations as to these issues were flawed because the circuit court did not consider documents that Ms. Rios submitted and, instead, believed various other parties. At numerous points in her brief, Ms. Rios appears to claim that those parties, including police and various professionals, have failed to act to address the allegations Ms. Rios makes against Gremminger. Further, Ms. Rios asserts that those parties have misinformed the circuit court, and that the circuit court does not believe her allegations. To the extent that Ms. Rios disagrees with the circuit court's credibility determinations relating to these allegations, I reject her argument because this court must accept the circuit court's credibility determinations. See Kimberly Area Sch. Dist. v. Zdanovec , 222 Wis. 2d 27, 50-51, 586 N.W.2d 41 (Ct. App. 1998).
¶7 As this court has previously acknowledged, pro se litigants face serious challenges, and I have made allowances for those challenges here. But this court's duty to pro se litigants "does not extend to creating an issue and making an argument for the litigant." State ex rel. Harris v. Smith , 220 Wis. 2d 158, 165, 582 N.W.2d 131 (Ct. App. 1998). Because I find no discernible factual or legal basis to find Gremminger in contempt, I conclude that the circuit court appropriately exercised its discretion. Accordingly, I affirm the order of the circuit court.
CONCLUSION
¶8 For the foregoing reasons, I affirm.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(h) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The record contains two notices of appeal. One notice of appeal states that Ms. Rios appeals a circuit court order denying her motion to modify physical placement of her two minor children. This court previously affirmed that circuit court order in Gremminger v. Rios , No. 2017AP2300, unpublished slip op. (WI App Sept. 14, 2018), and I do not discuss that issue further.

Also, the absence of citations to the record forces me to look to the record index to attempt to identify what order Ms. Rios appeals and the factual basis for the appeal. This problem is compounded by the fact that the record includes multiple similar motions and multiple orders concerning the issue of contempt. I resolve this issue by addressing the most recent order concerning contempt, entered by the circuit court on July 12, 2018.